WILLIAM A. BARANOW *vs.* COMMISSIONER OF CORRECTION & another. June 14, 1973. This is a bill for declaratory relief wherein the plaintiff, an inmate in a Massachusetts correctional institution, seeks to have resolved a controversy existing with the Commissioner of Correction as to the date of his release. The plaintiff was sentenced on July 5, 1950 (mittimus No. 2687) to a term of eight to ten years. On November 29, 1950, he received two additional sentences, the first (mittimus No. 24256) to a term of ten to fifteen years, "to take effect from and after the expiration of the sentence defendant is now serving" (mittimus No. 2687); the second (mittimus No. 24258) to a term of three to five years,

"to take effect from and after the expiration of sentence 24256." Subsequently, on January 31, 1967, he was sentenced (mittimus No. 25846) to a term of seven to ten years, "to take effect from and after the expiration of any sentence said defendant is *now serving*" (emphasis supplied). The sentence being served at the time of the imposition of the sentence in mittimus No. 25846 was the sentence in mittimus No. 24256 (ten to fifteen years). The plaintiff contends that the last sentence imposed (mittimus No. 25846) should run from and after mittimus No. 24256 (ten to fifteen years) and not from and after the aggregate of all the sentences which had been imposed upon him up to that date, which is the position of the Commissioner of Correction. The trial judge ruled on the undisputed facts appearing in the pleadings that the sentence in mittimus No. 25846 takes effect after the expiration of all previous sentences. The plaintiff excepted to this ruling. The impact of administering punishment by means of consecutive sentences rather than having them served concurrently with each other is to provide added confinement beyond the initial sentence. This can only be accomplished by means of separate and distinct sentences related to each other only by the expiration of the earlier one as the determinant of when the second shall commence. The fact that the two sentences imposed on November 29, 1950, were to be served consecutively, and the fact that for the purposes of parole eligibility the minimums are aggregated, does not extinguish the separate identities of the sentences. We must assume that if the judge in imposing the sentence on January 31, 1967, had intended that it be served following the expiration of the sentence imposed in mittimus No. 24258, he would have so stated. The decree is reversed; and a new decree is to be entered declaring that the sentences contained in mittimus No. 24258 and that contained in mittimus No. 25846 are to be served concurrently and that the computation of the plaintiff's eligibility for parole and his maximum discharge date be determined on this basis.

*So ordered.*

*John F. Palmer* for the plaintiff.

*David A. Tiberii,* Deputy Assistant Attorney General, for the Commissioner of Correction.