COMMONWEALTH *vs.* DARCY S. LOWE. July 10, 1989. *Practice, Criminal*, New trial, Appeal, Assistance of counsel, Presence of police witness at prosecutor's table. *Constitutional Law*, Assistance of counsel.

The defendant appeals from the denial of his motion seeking release from unlawful confinement, under Mass. R. Crim P. 30 (a), 378 Mass. 900 (1979), following his conviction of murder in the second degree.[1] The verdict and the denial of a postconviction motion for a required finding of not guilty or for a new trial were affirmed by this court in *Commonwealth* v. *Lowe*, 391 Mass. 97, cert. denied, 469 U.S. 840 (1984). The denial of the defendant's second motion for postconviction relief was affirmed in *Commonwealth* v. *Lowe*, 25 Mass. App. Ct. 1112 (1988).

On appeal, the defendant argues that (1) there was error in the charge to the jury regarding manslaughter and evidence of flight as consciousness of guilt; (2) he was denied due process and a fair trial because the judge allowed an investigating police officer, who testified at trial, to sit at the prosecutor's table; (3) he was denied effective assistance of counsel because there was no objection to the police witness's sitting at counsel table; and (4) the trial judge erred by treating the defendant's rule 30 (a) motion as a motion for a new trial under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). We conclude that the issues regarding the consciousness of guilt instruction and the presence of a police witness at counsel table are waived because they were available to the defendant but not raised in either his direct appeal or his first two motions for postconviction relief.[2] The defendant

---

[1] The record indicates that the defendant filed a motion for reconsideration of the denial of his motion under rule 30 (a) on July 20, 1988, and that he filed a notice of appeal on August 16, 1988, thirty-two days after the judge denied the 30 (a) motion, but before the judge ruled on the motion for reconsideration. Since the Commonwealth does not challenge the appeal as either late (not within the thirty days required by Mass. R. A. P. 4 [b], as appearing in 378 Mass. 924 [1979]) or premature (because the judgment may not have been final as long as the motion for reconsideration was pending, see *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 573-574 [1986]), we do not address the issue of the appeal's timeliness.

[2] We note also that the witness who was seated at the prosecutor's table was permitted in the courtroom by the sequestration order and therefore impliedly found to be essential to the management of the case. See *Commonwealth* v. *Perez, ante* 339, 341, 342-343 (1989).

is required to raise all known and available claims of error at the earliest possible time. See Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979); *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-367 (1981). The claim regarding the sufficiency of the charge on manslaughter was addressed and resolved in the defendant's direct appeal. Even if it were a new issue, it also is barred by the defendant's failure to raise the issue at the earliest possible time. See *Commonwealth* v. *Grace*, 381 Mass. 753, 759-760 (1980). Nor was counsel's failure to object to a police witness being seated at the prosecutor's table "serious incompetency" amounting to deprivation of the defendant's constitutional right to effective assistance of counsel. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). See also *Commonwealth* v. *Salcedo*, *ante* 346, 350, 351 (1989). Since we find no merit in any of the issues raised in this appeal, we need not consider whether the judge erred by treating the rule 30 (a) motion as a motion under rule 30 (b) for a new trial.[3] We note, however, that a review under rule 30 (b) "permits examination of the claimed errors to determine whether the defendant was deprived of any constitutionally protected rights" (such as those alleged in the defendant's motion under rule 30 [a]). *Commonwealth* v. *Cowie*, 404 Mass. 119, 123 (1989). The denial of the defendant's motion seeking release from unlawful confinement is affirmed.

*So ordered.*

The case was submitted on briefs.
*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.
*Darcy S. Lowe*, pro se.

---

[3] The judge's memorandum denying the defendant's motion under rule 30 (a) was not included in the record appendix.