COMMONWEALTH *vs.* THOMAS WILLIAMS.

No. 92-P-682.

Middlesex. March 15, 1993. - April 22, 1993.

Present: ARMSTRONG, BROWN, & PORADA, JJ.

*Practice, Criminal,* Sentence.

Where, during the pendency of his appeal to the jury session of a District Court from a criminal conviction on which a one-year sentence of confinement had been imposed, a defendant received a sentence of confinement in District Court proceedings on other charges and thereafter requested withdrawal of his appeal under G. L. c. 278, § 25, the judge in the jury session, by imposing a one-year sentence of confinement to run from and after the sentence the defendant was serving on the other charges, did not violate the provision of § 25 prohibiting increase of a defendant's sentence on withdrawal of an appeal. [347-348]

COMPLAINT received and sworn to in the Framingham Division of the District Court Department on March 13, 1990.

On appeal to the jury session, a motion to correct sentence was heard by *Leah W. Sprague,* J.

*John A. Amabile* for the defendant.

*Patricia M. Darrigo,* Assistant District Attorney, for the Commonwealth.

PORADA, J. On appeal from the denial of his postconviction motion under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), the defendant claims that the sentence imposed upon him by the District Court judge in the jury session was contrary to the statutory prohibition against increasing a sentence on withdrawal of an appeal under G. L. c. 278, § 25. We affirm the denial of the motion.

General Laws c. 278, § 25 (as amended by St. 1983, c. 82), provides, in pertinent part, that "[w]here the court allows the withdrawal [of an appeal], it may order the appellant to comply with the sentence appealed from, in the same

manner as if it were then first imposed . . . ; provided, however, that the court shall not increase the sentence as first imposed. . . ." Here the sentence first imposed upon the defendant after a District Court bench trial was a one-year commitment to a house of correction for his conviction for larceny under $250. The defendant appealed this conviction to the jury session of the District Court. While his appeal was pending, he was convicted in another division of District Court of other charges, for which he received a sentence of one year to a house of correction. The defendant then requested the withdrawal of his appeal in this case. After a *Ciummei* colloquy with the defendant, see *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509-510 (1979), the judge in the jury session allowed him to do so and a sentencing hearing followed. The prosecutor urged that the sentence to be imposed should run from and after the one year house of correction sentence the defendant was then serving. The defendant argued that the sentence to be imposed should run concurrently with the sentence the defendant was serving. The judge reimposed a sentence of one year to the house of correction but ordered that it be served from and after the sentence the defendant was presently serving. The defendant, claiming the sentence was illegal, filed a motion under Mass.R.Crim.P. 30(a). The judge denied the motion on the ground she had not increased the sentence but simply had clarified it because of the defendant's subsequent incarceration.

We conclude that the imposition of a consecutive sentence did not increase the defendant's initial sentence. While it is true that the imposition of a consecutive sentence in these circumstances exposed the defendant to a longer period of confinement before he was eligible for parole than a concurrent sentence, see 120 Code Mass. Regs. §§ 201.01(1), 201.04, & 201.08,[1] it did not extinguish the separate identi-

---

[1]Title 120 Code Mass. Regs. § 201.01(1)(1990), General Provisions of Parole Eligibility for House of Correction Sentences, provides:

"(1) An individual serving a sentence of imprisonment, or aggregate sentences of imprisonment, of sixty days or more to a house of correction is

ties of the sentences. *Baranow* v. *Commissioner of Correction*, 1 Mass. App. Ct. 831, 832 (1973). If the sentence imposed in this case by the judge in the jury session is viewed separate and apart from the sentence the defendant was already serving, its imposition did not change the term of the sentence. Cf. *Campbell* v. *Commonwealth*, 339 Mass. 695, 696-697 (1959) (the imposition of an indefinite Concord sentence on withdrawal of appeal in place of a sentence of eighteen months to a house of correction deemed an increase of sentence). Nor did it change the time the defendant must serve to be eligible for parole. See 120 Code Mass. Regs. § 201.01(1), *supra*, note 1. It simply delayed the time that the defendant would begin serving the sentence.

The defendant also argues that the withdrawal of his appeal was involuntary, because the judge did not advise him that she could impose a consecutive sentence. We deem this issue waived, because the defendant failed to raise this issue in the postconviction motion presented to the court below. See *Commonwealth* v. *Lowe*, 405 Mass. 1104, 1104-1105 (1989); Mass.R.Crim.P. 30(c)(2), 378 Mass. 901 (1979).

*Order denying postconviction*
*relief affirmed.*

---

eligible for parole after completion of one-half of such sentence, or sentences, or after two years, whichever is less."

Title 120 Code Mass. Regs. § 201.04 (1990), Concurrent House of Correction Sentences, provides:

"(1) Parole eligibility of individuals serving concurrent house of correction sentences occurs after service of one-half of the total sentence of imprisonment or after the completion of two years, whichever is less.

"(2) The total sentence of imprisonment begins at the earliest effective date of the series of concurrent house of correction sentences and ends at the latest maximum date of that series of concurrent sentences."

Title 120 Code Mass. Regs. § 201.08 (1990), Consecutive House of Corrections Sentences, provides:

"(1) Where a house of correction sentence is ordered served consecutive to another sentence, a single parole eligibility is determined by aggregating the parole ineligibility periods attendant to each consecutive sentence."

By making the sentence concurrent with the sentence the defendant was presently serving, the defendant would have been eligible for parole in six months rather than one year and the six-month period would have run from the date of the earliest sentence imposed.