**Arthur BROWN, Petitioner,**

v.

**Michael FAIR, Respondent.**

**Civ. A. No. 89–305–MC.**

United States District Court,
D. Massachusetts.

June 11, 1990.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR HABEAS RELIEF

McNAUGHT, District Judge.

Petitioner seeks habeas corpus relief pursuant to Title 28 U.S.C. § 2254. He was convicted on September 28, 1982 for first degree murder, armed robbery, and larceny of a motor vehicle. In February of 1985, the petitioner appealed his convictions to the Supreme Judicial Court of Massachusetts. On April 10, 1985, that court affirmed the convictions. *Commonwealth v. Brown*, 394 Mass. 510, 476 N.E.2d 580 (1985). Thereafter, petitioner filed a motion for a new trial based on the failure of the trial judge to instruct the jury that they could consider evidence of voluntary intoxi-

cation in determining whether he had the capacity to form the shared intent to rob or kill the victim required for a conviction on the theory of joint venture and the specific intent required for the predicate felony of armed robbery. The trial judge denied the motion. Petitioner's motion for leave to appeal that decision was denied by Supreme Judicial Court Justice O'Connor on September 22, 1988.

The petitioner raises one ground for relief. He asserts that the trial judge's failure to instruct the jury that they could consider evidence of intoxication in considering whether he had the capacity to form the specific intent required for the crimes charged violated his constitutional rights. In moving to dismiss, respondent argues that the petition should be dismissed because Brown is in procedural default.

■ Massachusetts has a "contemporaneous objection" rule. *Commonwealth v. Fluker*, 377 Mass. 123, 131, 385 N.E.2d 256 (1979). "Absent a showing of both 'cause' for, and 'prejudice' from, petitioner's noncompliance with the rule, collateral federal review is foreclosed." *Palmariello v. Superintendent of M.C.I. Norfolk*, 873 F.2d 491 (1st Cir.1989) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977)). Petitioner failed to object at his trial to the absence of an instruction to the jury that they could consider intoxication in determining Brown's criminal culpability.

No cause has been shown. Petitioner relies on *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) to establish novelty as cause for his procedural default. In *Ross* the Supreme Court held that "where a constitutional claims is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Id.*, at 16, 104 S.Ct. at 2910. The issue of the instruction on intoxication was not sufficiently novel at the time of trial to excuse Brown's attorney's from failing to raise it at trial. In fact, Brown had argued the intoxication claim on appeal and had invited the Su-

preme Judicial Court to change the law. Since Brown failed to show cause for the default, I need not reach the question of prejudice. *Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506–07.

■ Although petitioner is in procedural default, this Court is not barred from considering the merits of the petition because of the Supreme Court's recent decision in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). In *Harris* the Supreme Court held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.*, 109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638–39, 86 L.Ed.2d 231 (1985)). Here, the last state court rendering a judgment was Justice O'Connor's Order of September 22, 1988 denying petitioner's motion for leave to appeal the trial court's denial of the motion for a new trial. Justice O'Connor did not 'clearly and expressly' state that the judgment rested on a state procedural bar and therefore, this Court is not barred from considering the petition.

■ Under Massachusetts law, "a jury should not, . . ., be foreclosed from considering the effects of the voluntary consumption of alcohol on the proof of any crime which requires proof of a defendant's specific intent." *Commonwealth v. Glass*, 401 Mass. 799, 519 N.E.2d 1311, 1318 (1988). The Supreme Judicial Court has since held that the rule articulated in *Glass* should not be retroactively applied to collateral appeals. *Commonwealth v. Bray*, 407 Mass. 296, 553 N.E.2d 538 (1990). Although the absence of an instruction on the effect of intoxication on specific intent may raise a constitutional due process issue, *Commonwealth v. Henson*, 394 Mass. 584, 476 N.E.2d 947 (1985), the record reveals that any error was harmless beyond a reasonable doubt under *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). There was evidence that petitioner had consumed alcohol but there was virtu-

ally no evidence that this consumption had any effect on Brown's capacity to form the specific intent of the crimes charged. In denying the motion for a new trial, the trial judge held that the acts of the petitioner "indicate[d] the operation of a certain type of rationale and judgment."

Accordingly, the petition for habeas relief is denied.