COMMONWEALTH *vs.* PAUL G. ROBINSON.

Suffolk. May 7, 1990. - August 8, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Homicide. Intoxication. Practice, Criminal,* Retroactivity of judicial hold-
ing, New trial.

The common law rule announced in *Commonwealth* v. *Henson,* 394 Mass.
584 (1985), that the jury at a criminal trial should be instructed (at the
defendant's request) that they may consider evidence of the defendant's
intoxication at the time of the crime in deciding whether specific intent
has been proved beyond a reasonable doubt, was not applied retroac-
tively in a postconviction proceeding, where that rule was not foreshad-
owed at the time the defendant's 1969 convictions became final, nor
was it central to an accurate determination of innocence or guilt. [246-
248]

INDICTMENTS found and returned in the Superior Court on
January 17, 1969.

A motion for a new trial, filed on July 19, 1988, was con-
sidered by *Robert A. Barton,* J.

*John R. Campbell (Francis X. Jackman,* with him) for the
defendant.

*Nijole Makaitis,* Assistant District Attorney, for the
Commonwealth.

*Wendy Sibbison,* for Massachusetts Association of Crimi-
nal Defense Lawyers, amicus curiae, submitted a brief.

ABRAMS, J. After trial by jury, the defendant was con-
victed in 1969 of murder in the first degree (two indictments)
and armed assault with intent to rob (two indictments). We
affirmed the convictions after plenary review under G. L.
c. 278, § 33E. See *Commonwealth* v. *McGrath,* 358 Mass.
314 (1970).[1] In 1980, the defendant filed a pro se motion for

---

[1]The codefendant McGrath is not before us.

a new trial, see Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), and a motion for appointment of counsel. After the appointment of counsel, the defendant filed an amended motion for a new trial in November, 1980. A judge of the Superior Court denied the motion and, in 1982, a single justice of this court denied the defendant's application for leave to appeal the denial of the motion. In 1986, the defendant, pro se, filed a second motion for a new trial, which was denied. In 1988, the defendant, again pro se, filed a third motion for a new trial, which was denied. Counsel was appointed for the defendant. Counsel filed a memorandum of law in support of the petition for leave to appeal the denial of the third motion for a new trial. On June 19, 1989, a single justice of this court granted the defendant leave to appeal the denial of the third motion.

The facts of the case are contained in this court's opinion in *McGrath, supra.* On appeal of the denial of the motion for a new trial, the defendant argues that several aspects of the trial judge's instructions to the jury were in error. We affirm the denial of the defendant's third motion for a new trial.

The defendant's principal argument is that the trial judge erred in failing to instruct the jury that they could consider evidence of the defendant's intoxication at the time of the crime in deciding whether the defendant had the necessary specific intent to commit armed assault with intent to rob, the felony underlying the felony-murder conviction. See *Commonwealth* v. *Henson,* 394 Mass. 584, 592-594 (1985). In *Henson,* we announced the rule that "where proof of a crime requires proof of a specific criminal intent and there is evidence tending to show that the defendant was under the influence of alcohol or some other drug at the time of the crime, the judge should instruct the jury, if requested, that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt." *Id.* at 593. The defendant argues that this rule in

*Henson* should be applied to his case retroactively on collateral review. We disagree.

In *Commonwealth* v. *Bray*, 407 Mass. 296 (1990), we determined that, on collateral review, we would give a new rule such as the one announced in *Henson*[2] retroactive application only in limited circumstances: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law . . . to proscribe" or (2) if failure to follow the new rule would "undermine the fundamental fairness that must underlie a conviction or seriously diminish the likelihood of obtaining an accurate conviction." *Bray*, *supra* at 300, 303, quoting *Teague* v. *Lane*, 489 U.S. 288, 311 (1989). Clearly, the first circumstance is not present in this case. As far as the second is concerned, "the new rule, whether constitutionally based or not, must be 'central to an accurate determination of innocence or guilt. . . .' " *Bray*, *supra* at 303, quoting *Teague*, *supra* at 313. In *Bray*, *supra*, we held that we would not give retroactive application to the rule that a jury may consider a defendant's mental impairment as one factor bearing on the element of malice in the

---

[2]*Henson* announced two rules: (1) that the crime of assault with intent to murder is a specific intent crime, i.e., one that requires proof of a specific intent to kill and (2) that voluntary intoxication may be taken into account in determining whether the Commonwealth has proved the requisite specific intent. See *id.* at 590-592 and 592-594. In *Commonwealth* v. *Ennis*, 398 Mass. 170, 175 (1986), we determined that the first rule concerning assault with intent to murder was not a new rule; rather, it was "simply the cumulative result of the common law concerning the offense [of assault with intent to kill]." Thus, we concluded that *Henson* was, in that respect, "fully retroactive." *Id.*

The second rule announced in *Henson*, the one at issue in this case, clearly was a new rule. For purposes of retroactivity analysis, "a case announces a new rule if the result was not *dictated* by precedent existing *at the time the defendant's conviction became final.*" (Latter portion of emphasis supplied.) *Teague* v. *Lane*, 489 U.S. 288, 301 (1989), quoted in part in *Commonwealth* v. *Bray*, 407 Mass. 296, 303 (1990). Although in *Commonwealth* v. *Shine*, 398 Mass. 641, 655 (1986), we held that *Henson* was foreshadowed by earlier decisions beginning in the late 1970's, none of these decisions was in effect at the time of the defendant's trial. Certainly none of our decisions in effect at the time of the defendant's trial *dictated* the result in *Henson*.

crime of murder, because that rule was not central to an accurate determination of the defendant's innocence or guilt. The *Henson* rule on voluntary intoxication is no more "central to an accurate determination" than was the closely related rule under consideration in *Bray*. Accordingly, we conclude that the defendant is not entitled to the benefit of retroactive application of the *Henson* rule concerning voluntary intoxication.[3]

*Judgments affirmed.*

[3]In 1980, after appointment of counsel, the defendant filed an amended motion for new trial based on the trial judge's use in the charge of analogies to important decisions in the jurors' daily lives. This motion was denied on the ground that the judge's use of examples was harmless beyond a reasonable doubt. See *Commonwealth* v. *Grace*, 381 Mass. 753, 760 (1980); *Commonwealth* v. *Garcia*, 379 Mass. 422 (1980). A single justice denied leave to appeal. Denials of leave to appeal are final and unreviewable. See *Leaster* v. *Commonwealth*, 385 Mass. 547 (1982). See also *Commonwealth* v. *DeChristoforo*, 371 Mass. 26, 33 (1976). Because the law on this issue already was settled by the time the defendant filed his amended motion for new trial, see *Commonwealth* v. *Ferreira*, 373 Mass. 116, 129-130 (1977), the denial of leave to appeal precludes review of those issues again. Last, in his 1980 motion, the defendant failed to raise the issue of the judge's use of "finding" language in the jury instructions, although we had ruled on that issue prior to the filing of the defendant's motion and amended motion. See *Connolly* v. *Commonwealth*, 377 Mass. 527 (1979). Thus, the defendant failed to "raise all known and available claims of error at the earliest possible time," *Commonwealth* v. *Lowe*, 405 Mass. 1104, 1104-1105 (1989), and therefore that issue is not properly before us.