COMMONWEALTH vs. WILLIAM MORRILL GILDAY, JR.

Suffolk. October 1, 1990. - January 7, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Homicide. Intoxication. Practice, Criminal,* New trial, Retroactivity of judicial holding.

The rule stated in *Commonwealth* v. *Henson,* 394 Mass. 584 (1985), that the jury at a criminal trial should be instructed (at the defendant's request) that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether specific intent has been proved beyond a reasonable doubt, was not applied retroactively in a postconviction proceeding, where that rule was not central to an accurate determination of the defendant's innocence or guilt. [46-48]

INDICTMENT found and returned in the Superior Court on October 1, 1970.

A motion for a new trial, filed on June 1, 1987, was heard by *James P. Donohue, J.*

*Wendy Sibbison* for the defendant.

*David B. Mark,* Assistant District Attorney, for the Commonwealth.

*William C. Newman,* for Civil Liberties Union of Massachusetts & another, amici curiae, submitted a brief.

LIACOS, C.J. In 1972, the defendant, William M. Gilday, Jr., was convicted by a jury on an indictment charging murder in the first degree of a Boston police officer, and on two indictments for armed robbery. He received concurrent life sentences for the armed robbery convictions and a death sentence for the murder conviction, which was later reduced to life imprisonment in light of *Furman* v. *Georgia,* 408 U.S. 238 (1972). See *Commonwealth* v. *Gilday,* 367 Mass. 474 (1975) *(Gilday I).* After two unsuccessful motions for new trial following his conviction, the defendant filed a third mo-

tion for new trial pro se on January 11, 1979, but was represented by counsel prior to an order denying that motion. A judge in the Superior Court issued an order on February 11, 1980, denying the third motion for new trial. We affirmed the order. *Commonwealth* v. *Gilday* 382 Mass. 166 (1980) (*Gilday II*).[1] On June 1, 1987, the defendant filed a fourth motion for new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). This motion was denied. A motion for reconsideration was also denied. On October 24, 1989, a single justice of this court granted the defendant's application for leave to appeal the order denying his fourth motion for new trial and his motion for reconsideration. See G. L. c. 278, § 33E (1988 ed.).[2]

On appeal, the defendant asserts several grounds for reversal of the order denying his fourth motion for new trial. Only the issue of the trial judge's instructions regarding intoxication is properly before us, however, as that was the only issue before the motion judge below.[3]

---

[1]The significant facts of the case may be found in *Gilday I, supra* at 477-485.

[2]General Laws c. 278, § 33E (1988 ed.), provides in relevant part that: "[i]f any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."

[3]In his motion for reconsideration of the order denying the fourth motion for new trial, the defendant argued that the judge did not address all the issues set forth in the motion. We find this argument untenable. The judge's memorandum and order fully addressed the only issue put forth by the defendant in his motion, accompanying memorandum, and supplemental letter to the court. Nowhere in these documents, nor in the defendant's motion for leave to appeal the order denying the motion for new trial, the motion to this court for a stay of proceedings, or the accompanying affidavit of counsel, can we find any language challenging any other aspect of the trial judge's instructions, the trial itself, or the quality of the defendant's legal representation during the last twenty years. The defendant, by his motion for reconsideration, in effect makes a fifth motion for new trial by raising issues not previously before the motion judge in the fourth motion for new trial. Neither a motion for reconsideration nor an appeal to this court is the appropriate place to raise new arguments inspired by a loss before the motion judge in the first instance. See *Porter* v. *Treasurer*

The defendant claims that the judge's instructions at his trial in 1972 invalidly precluded the jury from considering evidence of his intoxication with respect to his capacity to form the requisite specific intent to commit murder in the first degree or, alternatively, armed robbery. While the judge's instructions were a correct statement of the law in 1972, our decision in *Commonwealth* v. *Henson*, 394 Mass. 584 (1985), announced a new rule. See *Commonwealth* v. *Robinson*, 408 Mass. 245, 247 n.2 (1990). See also *Commonwealth* v. *Sheehan*, 376 Mass. 765, 774-75 (1978). In *Henson* we stated that, "where proof of a crime requires proof of a specific criminal intent and there is evidence tending to show that the defendant was under the influence of alcohol or some other drug at the time of the crime, the judge should instruct the jury, if requested, that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt." *Commonwealth* v. *Henson, supra* at 593. The defendant claims that this new rule should be applied retroactively to his case on collateral review. We disagree. In *Commonwealth* v. *Robinson, supra*, we held that the standard for retroactive application of a new rule to a case on collateral review, as announced in *Commonwealth* v. *Bray*, 407 Mass. 296, 300, 303 (1990), did not require the retroactive application of the

---

& *Collector of Taxes of Worcester*, 385 Mass. 335, 338 n.5 (1982). Furthermore, since the issues raised in the motion for reconsideration could have been raised in the fourth motion for new trial but were not, they must be deemed waived. See Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979), which provides in part: "All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion." Nor does single justice consideration ordinarily expand the issues for review. *Id.* (only motion judge may permit grounds otherwise waived to be raised, and then only in a subsequent motion). Of course, the Supreme Judicial Court may, but need not, consider issues not properly raised. See, e.g., *Commonwealth* v. *Harrington*, 379 Mass. 446, 448 (1980).

*Henson* rule because the rule was not "central to an accurate determination of the defendant's innocence or guilt." *Commonwealth* v. *Robinson, supra* at 248. The same is true of the case before us today. Therefore, we conclude that the defendant is not entitled to retroactive application of the *Henson* rule to his trial in 1972, and we affirm the denial of the defendant's fourth motion for new trial and his motion for reconsideration.

*So ordered.*