COMMONWEALTH *vs.* DAVID R. JOHNSON.

Plymouth. January 10, 1991. - February 27, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Homicide. Intoxication. Practice, Criminal*, Retroactivity of judicial holding, New trial.

The court reiterated that the rule of *Commonwealth* v. *Hensen*, 394 Mass. 584 (1985), was not to be applied retroactively to a case on collateral review where the rule was not "central to an accurate determination of innocence or guilt." [406-407]

INDICTMENTS found and returned in the Superior Court on April 15, 1975.

A motion for a new trial, filed on August 10, 1987, was heard by *Gerald F. O'Neill, Jr.*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

*Carol A. Donovan*, Committee for Public Counsel Services, for the defendant.

GREANEY, J. On March 3, 1976, a jury in the Superior Court found the defendant guilty of murder in the first degree, and burglary. On March 18, 1976, the defendant filed a motion for new trial which was denied by the trial judge and not appealed. On February 23, 1978, this court affirmed the defendant's conviction, and, after plenary review, concluded that there was no basis for relief pursuant to G. L. c. 278, § 33E. *Commonwealth* v. *Johnson*, 374 Mass. 453 (1978). On August 10, 1987, the defendant filed a second motion for new trial. On January 17, 1989, a judge of the Superior Court granted the defendant's motion. The Commonwealth

appealed, and we transferred the appeal to this court. We vacate the order.

The evidence that supported the defendant's convictions is set forth in *Commonwealth* v. *Johnson, supra* at 454-457, and need not be repeated here. The defendant's second motion for new trial made reference to the decision in *Commonwealth* v. *Henson,* 394 Mass. 584 (1985). In that decision, this court announced a new rule of law by stating that "where proof of a crime requires proof of a specific criminal intent and there is evidence tending to show that the defendant was under the influence of alcohol or some other drug at the time of the crime, the judge should instruct the jury, if requested, that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt." *Commonwealth* v. *Henson, supra* at 593. The defendant argued that the judge's instructions on the issue of intoxication, see *Commonwealth* v. *Johnson, supra* at 461-462 n.4, while a correct statement of the law in 1976, effectively foreclosed the jury from considering evidence of his intoxication with respect to his capacity to form the requisite specific intent necessary to prove aggravated burglary which was the predicate felony for his prosecution under the doctrine of felony-murder.[1] The defendant contended that the rule in the *Henson* case should be applied retroactively to his case on collateral review.

In *Commonwealth* v. *Robinson,* 408 Mass. 245 (1990), this court held that the standard for retroactive application of a new rule to a case on collateral review, as announced in *Commonwealth* v. *Bray,* 407 Mass. 296, 300, 303 (1990), did not require retroactive application of the *Henson* rule because that rule was not "central to an accurate determination

---

[1] The Commonwealth tried the defendant on alternate theories that he was guilty of murder in the first degree because of deliberate premeditation or because a homicide had occurred during the commission of a serious felony. The jury's verdict did not indicate which theory of murder they relied upon in concluding that the defendant was guilty of murder in the first degree.

of the defendant's innocence or guilt." *Commonwealth* v. *Robinson, supra* at 248. We repeated this principle and applied it in *Commonwealth* v. *Gilday, ante* 45 (1991). The decisions in these cases are fully dispositive of the defendant's various contentions in this case. The defendant is not entitled to retroactive application of the *Henson* rule to his 1976 trial.

The order granting the defendant's second motion for new trial is vacated. An order is to be entered denying the motion.

*So ordered.*