**Paul G. ROBINSON,
Petitioner, Appellant,**

**v.**

**Joseph PONTE, Respondent, Appellee.**

**No. 90–2093.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 1991.

Decided May 22, 1991.

Paul G. Robinson, on brief, pro se.

Scott Harshbarger, Atty. Gen., and Robert N. Sikellis, Asst. Atty. Gen., on brief, for respondent, appellee.

Before CAMPBELL, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

The appellant, Paul G. Robinson, appeals the dismissal of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, for failure to raise a federal constitutional issue.[1] We affirm.

The appellant was convicted in 1969 of two counts of murder in the first degree and two counts of armed assault with intent to rob. The murder convictions were

---

**1.** "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2254(a) (emphasis added).

based on the Commonwealth's theory of felony murder, i.e., that the victims were killed in the course of the armed robbery. The appellant's convictions were affirmed on direct appeal. *Commonwealth v. McGrath*, 358 Mass. 314, 264 N.E.2d 667 (1970).[2]

Appellant thereafter filed several unsuccessful post-conviction petitions both in the state and federal courts. Of pertinent interest here is appellant's third motion for a new trial filed in the state court in 1988. In that motion, appellant argued that the trial judge erred in failing to instruct the jury that they could consider evidence of the appellant's intoxication at the time of the crime in deciding whether the appellant had the necessary specific intent to commit armed assault with intent to rob, the felony underlying the felony murder conviction. At the time of appellant's conviction in 1969, the Commonwealth did not allow a defendant to rely on intoxication to warrant a finding of a lack of capacity to commit a specific intent crime. But, in 1985, in *Commonwealth v. Henson*, 394 Mass. 584, 476 N.E.2d 947, (1985), the Massachusetts Supreme Judicial Court (SJC) announced that "where proof of a crime requires proof of a specific criminal intent and there is evidence tending to show that the defendant was under the influence of alcohol or some other drug at the time of the crime, the judge should instruct the jury, if requested, that they may consider evidence of the defendant's intoxication at the time of the crime in deciding whether the Commonwealth has proved that specific intent beyond a reasonable doubt." *Id.* at 593, 476 N.E.2d 947.

In appellant's 1988 state court motion for a new trial, he argued that the *Henson* rule should be applied to his case retroactively. His motion for a new trial was denied and this denial was affirmed by the SJC on appeal. *Commonwealth v. Robinson*, 408 Mass. 245, 557 N.E.2d 752 (1990). The SJC determined that, as to this appellant, *Henson* was a new rule, i.e., although *Henson* was foreshadowed by earlier SJC decisions beginning in the late 1970s, none of those decisions was in effect at the time of appellant's 1969 trial and certainly none of its decisions in effect at the time of appellant's trial dictated the result in *Henson*. *Id.* at 247 n. 2, 557 N.E.2d 752. The SJC then applied the analysis of the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), to determine whether this new rule should be applied retroactively to appellant's case on collateral review. The SJC concluded that the *Henson* rule on voluntary intoxication was not "central to an accurate determination" of the appellant's innocence or guilt and so concluded that the appellant was not entitled to the benefit of retroactive application of the *Henson* rule. *Commonwealth v. Robinson*, 408 Mass. at 248, 557 N.E.2d 752 (quoting *Teague v. Lane*, 489 U.S. at 313, 109 S.Ct. at 1077 (opinion of four Justices)).

The appellant then filed the present petition for habeas corpus in the federal district court, arguing that he was entitled to an instruction that the jury could consider the evidence of intoxication when deciding whether the Commonwealth had proven the element of specific intent. He contended that his entitlement rose from his constitutional right to have the Commonwealth prove each element of the crime beyond a reasonable doubt and his constitutional right to present a defense. The district court summarily dismissed the petition, stating that "[p]etitioner's first ground for relief,[3] that the trial judge failed to instruct

---

**2.** McGrath was appellant's co-defendant at trial. Their appeals were decided as companion cases.

**3.** The district court thereafter purported also to dispose of a "second ground for relief," as having been previously presented on federal habeas and found unavailing. Our reading of the present petition, as well as the reading of the Commonwealth, however, reveals only the one ground for relief (discussed in the text) raised

and appellant, himself, does not contend otherwise.

In addition, the district court stated that this was the fifth petition for writ of habeas corpus filed by appellant. Although the appellant filed three post-conviction motions for a new trial in the state court, it appears from the present habeas petition, and the Commonwealth agrees, that, with respect to petitions for habeas relief, this is appellant's third, not fifth, such petition.

the jury on intoxication as it may bear on specific intent, does not raise a constitutional issue."

We turn now to the question on appeal. In essence, appellant is seeking federal review of the state court's decision to refuse to apply the *Henson* rule retroactively to his case on collateral review. Although the district court's rationale for dismissing this habeas petition was terse, we believe it reasonable to assume that the district court's conclusion that the petition presented no constitutional issue is based on the oft-repeated principle that where a state court has refused to make its ruling retroactive,

> the federal constitution has no voice upon the subject. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say the decisions of its highest court, though later overruled, are law none the less for intermediate transactions.

*Great Northern Railway v. Sunburst Co.,* 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360 (1932).

To be sure, appellant's argument to the contrary has some, at least initial, appeal in this case. Appellant, in effect, suggests that where the state court's announcement of a new rule is, in fact, prompted by that court's belief that the new rule is compelled by the federal constitution, then should not the federal court have some "voice" as to whether this precipitating constitutional principle should be applied retroactively or not? Further, appellant contends, in this case, the SJC determined that the *Henson* rule, i.e., that where requested and supported by the evidence, a defendant is entitled to an instruction that evidence of intoxication may be considered in deciding whether the prosecution has proved specific intent beyond a reasonable doubt, was required as a matter of constitutional due process.

Our current rule in particular circumstances might permit a defendant to be convicted who, because of intoxication, totally lacked a specific criminal intent, thus raising a constitutional due process issue. An absolute rule that bars consideration of relevant evidence bearing on a defendant's capacity to have a specific intent is, in any event, arbitrary.

*Commonwealth v. Henson,* 394 Mass. at 593, 476 N.E.2d 947; *see also, Commonwealth v. Grey,* 399 Mass. 469, 471 n. 3, 505 N.E.2d 171 (1987) ("The quoted statement in the *Henson* opinion concerning arbitrariness ... derives from the principle that, absent a strong State interest in ignoring such evidence, a rule which requires a jury to disregard evidence bearing directly on the defendant's guilt would be a violation of due process of law and the defendant's State and Federal constitutional right to present a defense.") The final thread to appellant's argument is that the underlying constitutional principles, spurring the recognition of the right to an instruction as to voluntary intoxication, are among those "bedrock procedural element[s]" recognized by the *Teague* Court as within a limited exception to the general rule of nonretroactivity on collateral review, namely, the *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), requirement that a state prove every element (here, specific intent) beyond a reasonable doubt and the right to present a defense, which appellant suggests is rooted in *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), applying the sixth amendment confrontation clause to the states via the fourteenth amendment.

Nonetheless, we determine that the district court's conclusion was correct for the following reasons. First, we find the case of *Wainwright v. Stone,* 414 U.S. 21, 94

---

Because we agree with the district court that no constitutional issue is presented by this petition, we have no occasion to consider the separate question whether appellant has abused the writ, as recently defined by the Court in *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

And, these apparent discrepancies concerning the number of grounds and/or petitions presented, in any event, do not affect our analysis on this appeal.

S.Ct. 190, 38 L.Ed.2d 179 (1973) (per curiam) instructive. In *Stone,* petitioners alleged, on federal habeas review, that a Florida statute proscribing "the abominable and detestable crime against nature" was unconstitutionally vague. Although the lower federal courts agreed with petitioners' allegation, the Supreme Court ruled that petitioners had notice of the criminality of their conduct, based on the construction of that statute by the state's highest court at the time of petitioners' acts. In anticipation of such a ruling, petitioners had further relied on a decision of the Florida Supreme Court, which was decided after their convictions had become final, and which had reconsidered those earlier decisions rejecting a vagueness argument. In this later-decided case, *Franklin v. State,* 257 So.2d 21, 22 (Fla.1971), the state court stated that

> [a] very serious question is raised as to whether the statute meets the recognized constitutional test that it inform the average person of common intelligence as to what is prohibited so that he need not speculate as to the statutory meaning.

In an accompanying footnote, the state court therein cited state and federal caselaw in support for this proposition. *Id.* at 22 n. 2. Ultimately, the state court held that the statute was "void on its face as unconstitutional for vagueness and uncertainty in its language, violating constitutional due process," but also ruled that the judgment holding the felony statute void was not retroactive, but prospective only. *Id.* at 24. On review of the federal habeas petition, the Supreme Court rejected the petitioners' reliance on this later case, stating that the state court was not "constitutionally compelled" to overrule its earlier decision with respect to pre-*Franklin* convictions or to make retroactive its new construction of the Florida statute. *Wainwright v. Stone,* 414 U.S. at 23–24, 94 S.Ct. at 192–93.

*Stone* suggests to us, therefore, that, notwithstanding the fact that a state court's announcement of a new rule was based on that court's conclusion that the new rule was impelled by federal constitutional principles, the state court's decision whether to make this new rule retroactive raises no federal constitutional issue. In fact, the Fifth Circuit Court of Appeals decision, which the Supreme Court *reversed,* drew support for its affirmance of the grant of a writ of habeas from much the same reasoning which appellant champions here. *See Stone v. Wainwright,* 478 F.2d 390, 396–97 (5th Cir.), *rev'd per curiam,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

Therefore, that federal constitutional principles underlay the new rule of state law announced in *Henson* does not convert the SJC's decision not to apply that rule retroactively on collateral review into a matter of federal due process concern. *See also Hicks v. Callahan,* 859 F.2d 1054, 1057–58 (1st Cir.1988) (where state court declines to apply retroactively, on collateral review, its new rule that, where an underlying felony is unarmed robbery, the felony murder rule applies only if the jury finds that the defendant consciously disregarded risk to human life, there is no valid federal constitutional reason to do so), *cert. denied,* 489 U.S. 1069, 109 S.Ct. 1349, 103 L.Ed.2d 817 (1989); *La Rue v. McCarthy,* 833 F.2d 140, 143 (9th Cir.1987) (there is no federal due process violation when a state court declines to apply retroactively on collateral review a decision holding that a person cannot be convicted of felony murder when the underlying offense is child abuse), *cert. denied,* 485 U.S. 1012, 108 S.Ct. 1482, 99 L.Ed.2d 710 (1988); *Bowen v. Foltz,* 763 F.2d 191, 193–94 (6th Cir.1985) (state court's decision to decline to apply retroactively on collateral relief new rule requiring that the issue of malice, henceforth, must always be submitted to the jury does not raise a federal question).

Second, to the extent that appellant is arguing that, irrespective of whether the SJC had ever decided *Henson,* federal constitutional law *compels* an instruction, where warranted by the evidence, that evidence of intoxication may be considered in deciding whether the prosecution has proved specific intent beyond a reasonable doubt, we would hesitate to so hold here. To be sure, appellant contends that such a

requirement necessarily follows from the teachings of *Winship* and *Pointer*, and it may be that most jurisdictions now provide for the defense of intoxication to negate a required mental state. *See* 1 W. LaFave & A. Scott, Substantive Criminal Law § 4.10, at 551 (1986). Nonetheless, there is case-law stating that the defense of voluntary intoxication is not constitutionally required. *United States ex rel. Goddard v. Vaughn*, 614 F.2d 929, 935 (3rd Cir.) (the affirmative defense of voluntary intoxication was not required either constitutionally or at common law), *cert. denied*, 449 U.S. 844, 101 S.Ct. 127, 66 L.Ed.2d 53 (1980); *Hindman v. Wyrick*, 531 F.Supp. 1103, 1112 (W.D. Mo.1982) (state rule that voluntary intoxication is not admissible to negate the specific intent element of a crime is not unconstitutional), *aff'd on other grounds*, 702 F.2d 148 (8th Cir.1983); *Chittum v. Cunningham*, 326 F.Supp. 87 (W.D.Va.1971) (no constitutional right to an instruction permitting consideration of voluntary intoxication as a defense to the formation of a specific intent); *cf. Hopt v. People*, 104 U.S. 631, 26 L.Ed. 873 (1881) (at common law, as a general rule, voluntary intoxication affords no excuse, justification, or extenuation of a crime committed under its influence, but where statute permits consideration of voluntary intoxication in determining existence of intent as necessary element of crime, refusal of defendant's request to give such an instruction necessarily prejudiced him with the jury); *Brown v. Fair*, 739 F.Supp. 39, 41 (D.Mass. 1990) (although absence of an instruction on the effect of intoxication on specific intent may raise a constitutional due process issue, any error here was harmless beyond a reasonable doubt), *aff'd*, 930 F.2d 907 (1st Cir.1991) (unpublished); *see also Fisher v. United States*, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946) (Supreme Court declines to require the District of Columbia to adopt a rule that a defendant is entitled to an instruction, based upon evidence of mental weakness, short of legal insanity, which would reduce his crime from first degree to second degree murder).

And, we are mindful that this appeal is before us on collateral attack, where our scope of review is necessarily and appropriately tempered by considerations of comity and respect for a state's interest in the finality of its criminal judgments. "Principles of comity dictate that a higher standard of cognizability be required of errors alleged by prisoners who are incarcerated as a result of state court proceedings." *Niziolek v. Ashe*, 694 F.2d 282, 287 (1st Cir.1982).

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is ·"whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten*, 414 U.S. [141], at 147 [94 S.Ct. 396, at 400, 38 L.Ed.2d 368 (1973)], not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" *id.*, at 146 [94 S.Ct. at 400].

In this case, the respondent's burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation—beyond the reading of the statutory language itself—of the causation element. An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 154–55, 97 S.Ct. 1730, 1736–37, 52 L.Ed.2d 203 (1977).

Finally, we observe that, as a matter of state law extant at the time of appellant's convictions, he was lawfully convicted. The administration of the criminal law is largely a matter of state concern and we should be loath to require a retrial, more than 22 years later, "save in exceptional situations where egregious error has been committed." *Fisher v. United States*, 328 U.S. at 476, 66 S.Ct. at 1324–25. We are not persuaded that such error has been committed here.

*The order of the district court dismissing this petition is affirmed.*