COMMONWEALTH *vs.* DAVID L. SIBINICH.

No. 91-P-1304.

Berkshire. June 12, 1992. - September 3, 1992.

Present: JACOBS, GILLERMAN, & GREENBERG, JJ.

*Practice, Criminal,* Instructions to jury, Retroactivity of judicial holding. *Intent.*

At the trial of indictments charging crimes which include specific intent as an element of the Commonwealth's proof, the judge's instructions to the jury distinguishing general intent from specific intent did not create an impermissible presumption relieving the Commonwealth of its burden of proving the defendant's guilt beyond a reasonable doubt. [247-251]

The rule stated by the Supreme Judicial Court in *Commonwealth* v. *Henson,* 394 Mass. 584 (1985), that a jury may take a defendant's voluntary intoxication into account in determining whether the Commonwealth has proved specific intent beyond a reasonable doubt, was not applicable retroactively in a postconviction proceeding. [251-252]

INDICTMENTS found and returned in the Superior Court Department on January 7, 1981.

A motion for a new trial, filed on February 6, 1991, was heard by *Raymond R. Cross,* J.

*Edward P. Mulvaney* for the defendant.

*Mark J. Pasquariello,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. In March of 1982, the defendant was found guilty of assault with intent to murder, armed robbery, assault and battery by means of a deadly weapon, and assault in a dwelling with the intent to commit a felony. An assault and battery conviction was placed on file. The remaining convictions were affirmed on appeal, see 15 Mass. App. Ct. 1105 (1983), and further appellate review was denied, 389 Mass 1101 (1983). A motion for a new trial filed in May, 1983, was denied, and the order of denial was affirmed on

appeal. See 19 Mass. App. Ct. 1115 (1985). In August, 1985, a motion to revise and revoke was denied, as was a second such motion in September, 1988.

In February, 1991, after successor counsel had been appointed by the trial judge, a second motion for a new trial was filed which raised claims of error not brought forward on the direct appeal or in the first motion for a new trial. The main thrust of the new motion was the argument that the judge's instruction to the jury ("everybody is presumed to intend what he or she did in fact do") violated the principles of *Sandstrom* v. *Montana*, 442 U.S. 510, 524 (1979), by shifting the burden of proof on the issue of intent and thereby relieving the Commonwealth of its burden to prove a contested fact beyond a reasonable doubt. See *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 251-252 (1980). The trial judge held a hearing and thereafter issued a memorandum of decision denying the motion. It is from this decision that the defendant now appeals. We affirm.

The defendant's trial, direct appeal, and original motion for a new trial all occurred after the *Sandstrom* decision, and, therefore, the defendant had a genuine opportunity to raise the claim in those prior proceedings, *DeJoinville* v. *Commonwealth*, *supra* at 251, but he failed to do so. See Mass.R.Crim.P. 30(c)(2), 378 Mass. 900 (1979). His failure to do so, however, did not constitute a waiver because the judge, by considering the motion, and issuing his careful and detailed memorandum of decision, resurrected the *Sandstrom* issue and preserved it for appellate review. See *Commonwealth* v. *Buckley*, 17 Mass. App. Ct. 373, 374 (1984), and cases cited.

We conclude that there is no merit to the argument that there was error in the judge's instructions. The test of whether the challenged portion of the instructions created an impermissible presumption is this: " 'If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in

the context of the charge as a whole,' to see whether 'a reasonable juror could . . . have considered the charge to have created an unconstitutional presumption.'" *Commonwealth* v. *Blake*, 409 Mass. 146, 151 (1991), quoting from *Francis* v. *Franklin*, 471 U.S. 307, 315 (1985). We must, in short, assess "the reasonable impression that a jury would have from the judge's instructions as to their fact-finding obligations. . . ." *Commonwealth* v. *Doherty*, 411 Mass. 95, 105 (1991).

Here, three of the crimes charged included specific intent as an essential element of the crime (assault with intent to murder, armed robbery, and assault with intent to commit a felony). As to those three charges, the defendant argues, the prosecution, under the challenged instruction, need only have proved that the defendant assaulted the victim and took her property while armed with a knife. The issue of specific intent was taken away from the jury, the argument continues, by virtue of the judge's "presumption" language; the judge effectively told the jury that they were directed to find against the defendant on the element of intent. *Sandstrom* v. *Montana*, *supra* at 523.

That argument does not succeed; even in isolation the challenged instruction would not be understood to create an impermissible presumption. After discussing the presumption of innocence and the Commonwealth's burden to prove the defendant's guilt beyond a reasonable doubt, the judge explained direct and circumstantial evidence and the jury's right to draw inferences "which logically, naturally and reasonably flow[]" from circumstantial evidence.

The judge then went on to define general intent and specific intent and the difference between them. After a simple illustration of general intent, the judge gave the portion of the charge which the defendant challenges: "Everybody is presumed to intend what he or she did in fact do, and the intent when we do things many times is present unconsciously. There must be some kind of reaction of the brain but it is a reflex action, and that is what we call the general intent."

This challenged portion of the judge's charge is not errone-
ous in the circumstances. Defining "general intent" in a way
that distinguishes it from "specific intent" is not an easy
task.[1] The judge suggested the convenient fiction that the in-
tent of "unconsciously" directed conduct is presumed. This is
nothing more than a statement that such conduct is not to be
regarded as random behavior. By limiting the presumption
language to noncriminal "general intent,"[2] as to which the
Commonwealth had no burden, the judge did not cross the
line of what is permissible. Contrast *Sandstrom v. Montana,*
*supra,* in which the defendant was charged with deliberate
homicide requiring the State to prove purpose or knowledge.
In that context, the judge's instruction to the jury that "[t]he
law presumes that a person intends the ordinary conse-
quences of his voluntary acts" was constitutional error by
shifting to the defendant the burden of disproving an element
of the crime charged. *Id.* at 513.

Any remaining doubt about the challenged instruction is
resolved by a reading of the entire charge. Since the issue is
whether the judge's instructions relieved the Commonwealth
of proving beyond a reasonable doubt an essential element of
the crime (specific intent), we must look to the judge's in-
structions with regard to the three crimes requiring proof of
specific intent[3] to determine whether the judge's "presump-

---

[1]The underlying difficulty, in cases in which specific intent is an element
of the crime, is the practice of trial judges to explain specific intent by
contrasting it to the idea of "general intent." Under this practice, "general
intent" is commonly defined as conduct undertaken "unconsciously . . . a
reflex action, such as sitting down in a chair or walking up stairs." See,
e.g., the judge's instructions quoted in *Commonwealth v. Blake,* 409 Mass.
at 150-151. However, "general intent," when defined in this fashion, does
not refer to any mental state which is required for the conviction of a
crime, and the use of a noncriminal "general intent" to explain the specific
intent required for certain crimes is unnecessary and confusing.

[2]The "general intent" referred to by the judge is different from general
criminal intent, or scienter, required for all crimes other than public wel-
fare offenses and specific intent crimes. Scienter has been described as a
"blameworthy condition of the mind." *Commonwealth v. Buckley,* 354
Mass. 508, 511-512 (1968).

[3]"Specific intent" is intended to emphasize a particular state of mind at
the time of the conduct in question. See, e.g., *Commonwealth v. Blake,*

tion" language spilled over, inappropriately, from his discussion of general intent to his discussion of specific intent. Here we must keep in mind that "[l]anguage that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity." *Francis* v. *Franklin*, 471 U.S. at 322.

Immediately after the quoted passage regarding general intent, the judge, continuing a theme started earlier in the charge, noted that certain of the crimes charged required proof of specific intent, meaning, said the judge, "a definite or precise intent or a particular intent. An act is intentional when it is the result of a thought, a mental decision or purpose to do it. . . ." In this fashion, the judge distinguished specific intent from general intent, and he went on to discuss how the jury might determine specific intent. He instructed the jury that it may be inferred from the circumstances, and he referred the jury back to his earlier instructions regarding inferences from circumstantial evidence. Thereupon, the judge told the jury that "you are entitled to review all of the facts and all of the circumstances and to draw an inference if persuaded beyond a reasonable doubt that the intent which the law requires was in fact present." Given the judge's earlier instructions that the Commonwealth had the burden of proving guilt beyond a reasonable doubt, reasonable jurors would be left with the impression — not that the required specific intent was mandatorily and conclusively presumed, as the defendant claims — but rather that they were entitled, after reviewing all the evidence, to find, or not to find, the required specific intent.

Then, in the course of his discussion of the crime of assault with intent to murder, the judge told the jury that in order to

---

*supra* at 151 (a "focused . . . purpose"). See, however, *Commonwealth* v. *Richards*, 363 Mass. 299, 307 n.3 (1973)(where Kaplan, J., referring to "specific" as a modifier of intent, wrote that "the characterization does not facilitate analysis"); *Commonwealth* v. *Henson*, 394 Mass. 584, 594 (1985) (Hennessey, C.J., concurring) ("'specific intent' may not have clear meaning to all judges and lawyers"). See also Model Penal Code § 2.02, comment 2 (1962) (describing "specific intent" as an "awkward concept").

find the defendant guilty they must also find that he had the specific intent to murder, which may be inferred from all the circumstances. The judge also said, "The only way that the jury can ever find intent is by a judgment and an evaluation of the facts and circumstances before them at the time they are looking for an intent. Jurors are entitled to review all of the facts and circumstances and weigh that against their common judgment and experience and draw an inference if persuaded that the intent which the law requires was in fact present." No reasonable jurors would understand from the just quoted instruction that they *must* find the required specific intent. So, too, in the judge's instructions with regard to the remaining specific intent crimes, he instructed the jury in terms of what the Commonwealth must prove and the particular finding that was required.

We have examined with care the judge's entire instruction to the jury at the trial in 1982 and, without needlessly quoting further from the many relevant passages in the judge's charge, we are persuaded that there was no violation of *Sandstrom* principles. See *Commonwealth v. Blake*, 409 Mass. at 151, 154, a case involving a similar charge to the jury.

Finally, the defendant argues that the judge erroneously instructed the jury that voluntary intoxication could not be considered in determining guilt or innocence. The argument has no merit. This case was tried in 1982; *Commonwealth v. Henson*, 394 Mass. 584 (1985), was not decided until three years later. In 1982, the charge given by the judge was the law of the Commonwealth. See *Commonwealth v. Sheehan*, 376 Mass. 765, 774 (1978). *Henson* announced a new rule, permitting voluntary intoxication to be taken into account in determining whether the Commonwealth has proved specific intent beyond a reasonable doubt. *Commonwealth v. Robinson*, 408 Mass. 245, 247 n.2 (1990). The *Henson* rule is not applied retroactively "because the rule . . . [is] not 'central to an accurate determination of the defendant's innocence or guilt.' " *Commonwealth v. Gilday*, 409 Mass. 45, 47-48

(1991), quoting from *Commonwealth* v. *Robinson, supra* at 248.

*Order denying motion for*
*new trial affirmed.*