The defendant, Eduardo Lopez, appeals from the order denying reconsideration of the order denying his motion for a new trial. The defendant sought to withdraw his guilty plea to one count of trafficking in cocaine.[2] We affirm.
1. Standard of review. A motion to withdraw a guilty plea is treated as a motion for a new trial, Commonwealth v. Furr, 454 Mass. 101, 106 (2009), which may be allowed when "it appears that justice may not have been done." Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). A motion to withdraw a guilty plea "is addressed to the sound discretion of the judge, and [his] disposition of the motion will not be reversed for abuse of discretion unless it is manifestly unjust, or unless the plea colloquy was infected with prejudicial error." Commonwealth v. Correa, 43 Mass. App. Ct. 714, 716 (1997) (citations omitted). "We grant substantial deference to a decision denying a rule 30(b) motion ... when the judge passing on the motion is the same judge who heard the plea," as is the case here. Commonwealth v. Grant, 426 Mass. 667, 672 (1998).
2. Knowingness of the plea. Upon completion of the plea colloquy, the judge sentenced the defendant to three and one-half years to three and one-half years and one day in State prison. The clerk erroneously read and imposed a sentence of three years to three years and one day in prison. The error was corrected immediately. However, the mittimus recited the incorrect sentence. The clerk of the court subsequently was notified by letter from the Executive Office of Public Safety that the mittimus stated a sentence that fell below the statutory minimum sentence. A new mittimus was issued that again was deficient. A third mittimus then issued stating the proper sentence.
The defendant does not contend that the plea colloquy itself contained deficiencies that warrant the withdrawal of his guilty plea. Rather, he contends that his plea was not made knowingly because errors in the mittimus were not corrected according to proper procedure-namely, by motion.
"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative." Mass.R.Crim.P. 42, as amended, 423 Mass. 1406 (1996). Given that the record indicates that this was a clerical error, the judge acted pursuant to proper authority to correct the error and he did not abuse his discretion in denying the motion for a new trial. Contrast Commonwealth v. Layne, 25 Mass. App. Ct. 1, 5 (1987) (vacating order to "correct" mittimus where it was unclear if judge was correcting clerical error or impermissibly revising defendant's sentence). Here, the defendant was told repeatedly before he entered his plea what his sentence would be and that it was a mandatory minimum sentence, he pleaded guilty, and that minimum mandatory sentence was imposed. We discern no error.
3. Voluntariness of the plea. The defendant contends that his plea was rendered involuntary and unknowing due to possible side effects of antidepressant medication that may have affected his ability to understand the proceedings.[3] The defendant states that the possible "side effects [of lorazepam ] are loss of orientation, confusion, hallucinations, amnesia or forgetfulness, and trouble concentrating." The defendant does not argue that he actually experienced any of these side effects.
"[A] defendant must possess a certain degree of competence to plead guilty." Commonwealth v. Robbins, 431 Mass. 442, 445 (2000). "The test of competence to plead is similar to that for standing trial," and asks "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." Ibid. (citation omitted). "When reviewing the judge's finding of competency, we give substantial deference to his findings of fact." Ibid. (citation omitted).
At the plea colloquy, the defendant told the judge that he took medication for blood pressure and lorazepam for depression, but denied that either would affect his ability to think clearly. The records the defendant submitted establish that the defendant had been prescribed lorazepam six months prior to the plea hearing. The defendant affirmed that he was of clear mind and that he understood the questions that the judge asked. Plea counsel affirmed that he had had no issues communicating with the defendant or understanding the defendant, and that counsel was satisfied that the plea was knowingly, willingly, intelligently, and voluntarily made. The judge found that the defendant reported that his treatment for depression did not affect his ability to understand, comprehend, and participate fully in the proceedings, and that the plea was made knowingly, willingly, intelligently, voluntarily, and with full knowledge of its consequences. The record does not indicate that the defendant's judgment was impaired at the time of the plea, and it supports the judge's finding that the defendant voluntarily entered the guilty plea. See Commonwealth v. Estrada, 69 Mass. App. Ct. 514, 518-519 (2007). The judge did not abuse his discretion in denying the defendant's motion.[4]
Order denying reconsideration of order denying motion to withdraw guilty plea affirmed.

Prior to the guilty plea, a nolle prosequi was entered for a school zone violation charge.

In support of his motion for reconsideration, the defendant attached medical records stating that he had been prescribed lorazepam to corroborate his statement in court, and attached information from Internet resources about lorazepam's possible side effects. He did not provide any affidavits accompanying the materials, either from the defendant himself or from a medical professional.

We note that the defendant first raised this latter issue in his motion for reconsideration. See Commonwealth v. Gilday, 409 Mass. 45, 46 n.3 (1991) (argument raised in motion for reconsideration that could have been raised in motion for new trial but was not deemed waived).