COMMONWEALTH *vs.* GREGORY SZCZUKA. October 8, 1992. *Homicide. Intoxication. Practice, Criminal*, Capital case, New trial, Retroactivity of judicial holding.

In 1979, a jury found the defendant guilty of murder in the second degree on two indictments charging murder in the first degree. While the defendant's appeal was pending, he filed a motion for release from unlaw-

ful restraint, which the trial judge treated as a motion for a new trial. The judge denied the motion, and the defendant appealed. We transferred that appeal to this court and considered it. At the same time, we conducted a plenary review of the convictions under G. L. c. 278, § 33E (1990 ed.). Section 33E review of the second degree murder convictions was appropriate because the offenses resulting in those convictions were committed before July 1, 1979. *Commonwealth* v. *Szczuka*, 391 Mass. 666, 668 n.1 (1984). We affirmed the convictions and the denial of the motion for a new trial. *Id.* at 668, 678.

In 1991, the defendant filed a second motion for a new trial. The trial judge denied that motion, stating: "Court [r]efuses to act, as motion raises no question which could not have been raised in original appeals. See 391 Mass. 666 (1984)." The present appeal is from the denial of this second motion for a new trial.[1] We transferred the appeal to this court on our own initiative. We now affirm the denial of the defendant's second motion for a new trial.

The defendant asserted in his second motion, and argues here, that the judge's instructions to the jury were erroneous in that they (1) "fail[ed] to accurately instruct that malice does not exist when the intention to kill arises from sudden combat"; (2) incorrectly described the provocation that would reduce a killing to manslaughter; (3) implied that the use of a deadly weapon is inconsistent with manslaughter; (4) improperly limited the jury's consideration of whether the defendant had acted in self-defense; and (5) impermissibly shifted or minimized the Commonwealth's burden of proof. Rule 30 (c) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 900 (1979), provides: "*Waiver.* All grounds for relief claimed by a defendant under subdivisions (a) [unlawful restraint] and (b) [new trial] of this rule shall be raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion." All the grounds set forth above could have been raised in the defendant's first motion for a new trial. Because of that, the judge exercised his discretion to refuse to consider them in connection with the motion in question. Those grounds, therefore, in keeping with the rule, were waived and we do not consider them.

In addition to the grounds just described, the defendant contended in his second motion for a new trial, and contends on appeal, that he was entitled to, but did not receive, a jury instruction that evidence of the defendant's intoxication could be considered by the jury in determining whether the

---

[1]Since the defendant was convicted of murder in the second degree rather than murder in the first degree, he was not required by G. L. c. 278, § 33E, to obtain from a single justice of this court leave to appeal following plenary review pursuant to that statute. *Commonwealth* v. *Adrey*, 397 Mass. 751, 752 (1986).

defendant had acted with the malice essential to murder. The defendant relies on *Commonwealth* v. *Henson*, 394 Mass. 584 (1985), *Commonwealth* v. *Grey*, 399 Mass. 469 (1987), and *Commonwealth* v. *Glass*, 401 Mass. 799 (1988). In *Henson, supra* at 592-594, we held that a defendant's mental impairment is relevant to proof of crimes requiring specific intent. In *Grey, supra* at 470-471, we held that a defendant's intoxication is also relevant and admissible on the question of malice in murder, and in *Glass, supra* at 809-810, we made clear that mental impairment includes impairment due to intoxication. *Henson, Grey,* and *Glass* were decided after the defendant's trial, after the original motion for a new trial was argued, and after the defendant's first appeal was decided by this court. Therefore, we assume in the defendant's favor, but without deciding the matter, that, in his original motion for a new trial, the defendant could not reasonably have raised a question of his entitlement to a jury instruction relative to intoxication and its possible bearing on malice. Given that assumption, Mass. R. Crim. P. 30 (c) did not bar the defendant from presenting that ground in connection with his second motion for a new trial, nor does it bar his arguing that point on appeal. However, the defendant's argument fails because, as we held in *Commonwealth* v. *Bray*, 407 Mass. 296, 300-303 (1990), the rule announced in *Grey*, and by implication the related rules we announced in *Henson* and *Glass*, are not retroactive to the trial of a case, such as this one, on collateral review. Contrary to the defendant's contention, the rules announced in those cases do not fall within the second exception to the retroactivity rule discussed in *Bray, supra* at 303, because they are not central to an accurate determination of innocence or guilt in the basic due process sense. See *Commonwealth* v. *Robinson*, 408 Mass. 245, 248 (1990) (*Henson* rule); *Commonwealth* v. *Bray, supra* at 303 (*Grey* rule).

We reject the defendant's final two arguments on appeal, namely, that he received ineffective assistance of counsel at the trial and on his first appeal, and that a reduction of his convictions to manslaughter "would be consonant with justice." We reject the first of these two arguments because ineffective assistance is not one of the grounds on which the second motion for a new trial was based. *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 235 (1973). We reject the other argument because it calls upon us to exercise our power under G. L. c. 278, § 33E, which we previously exercised in connection with the defendant's first appeal. The present appeal does not invoke plenary review under § 33E. "[T]he defendant is not entitled to reversal of his convictions without establishing specific error." *Commonwealth* v. *Rembiszewski*, 391 Mass. 123, 126 (1984).

*Order denying motion for a new trial affirmed.*

*Bruce R. Taub* for the defendant.
*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.