**Thomas A. MAGEE, Petitioner, Appellant,**

v.

**Scott HARSHBARGER, et al., Respondents, Appellees.**

No. 93–2105.

United States Court of Appeals, First Circuit.

Heard Feb. 10, 1994.

Decided Feb. 24, 1994.

Brownlow M. Speer with whom Committee for Public Counsel Services, Boston, MA, was on brief for appellant.

Elisabeth J. Medvedow, Assistant Attorney General, with whom Scott Harshbarger, Attorney General, Boston, MA, was on brief for appellees.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Judge, and SELYA, Circuit Judge.

BOWNES, Senior Circuit Judge.

Petitioner Thomas A. Magee appeals the district court's denial of his petition for a writ of habeas corpus. The district court ruled that petitioner failed to satisfy the "cause" and "prejudice" requirement which must be met before federal courts can collaterally review the merits of procedurally defaulted constitutional claims. Because petitioner has failed to show "cause" for his procedural default, we affirm.

## I.

### BACKGROUND

We recite the facts pertinent to the issues raised on this appeal.[1] Petitioner was tried in a Massachusetts state court, along with his co-defendant Patrick Tracy, on charges of armed robbery, carrying a firearm, and receipt of stolen property. The jury found petitioner guilty of the first two offenses but acquitted him of the third.[2]

During the trial the Commonwealth offered into evidence a "booking slip" that had been completed by a police officer shortly after petitioner's arrest. The booking slip contained biographical information such as petitioner's age, height and weight. The lines directly below this information were reserved for petitioner's offense. Petitioner's offense was written in large block letters as "C. 265 § 17 ARMED ROBBERY WITH A DANGEROUS WEAPON." Just after this entry appears a second, smaller notation: "2 c. 265 § 18B committing an offense while using a firearm (2nd offense)."

On the same day that the prosecution received the booking slip from the police, it offered the slip into evidence. Prior to the introduction of the booking slip into evidence, defense counsel had a brief but sufficient

---

1. A full recitation of the facts can be found in the opinion of the Massachusetts Appeals Court. *Commonwealth v. Tracy*, 27 Mass.App.Ct. 455, 539 N.E.2d 1043 (1989), *review denied sub nom.*, *Commonwealth v. Magee*, 405 Mass. 1203, 542 N.E.2d 602 (1989).

2. Tracy, a Vietnam veteran, was found not guilty of armed robbery by reason of insanity stemming from post-traumatic stress disorder. *Tracy*, 539 N.E.2d at 1044. He was, however, convicted of the two other charges. *Id.*

opportunity to examine it. *Tracy,* 539 N.E.2d at 1047. Defense counsel failed to notice the "2nd offense" notation and proceeded to cross-examine the police officer who completed the slip about addresses on it. *Id.* The only objection raised by defense counsel with respect to the booking slip was that the Commonwealth was in violation of a pretrial discovery agreement.

Three days after the jury returned its guilty verdict defense counsel first noticed the "2nd offense" notation, and moved for a new trial on the ground that the allegedly prejudicial second offense notation rendered his trial fundamentally unfair. The motion was denied. On direct review the Appeals Court held that because petitioner did not seek to exclude the booking slip from evidence based upon the "2nd offense" notation at the time the slip was offered by the government, he had procedurally defaulted his booking slip objection. Therefore, under Massachusetts law, petitioner's conviction would be upheld unless he could demonstrate a "substantial risk of a miscarriage of justice." *Tracy,* 539 N.E.2d at 1046. Not finding such, the Appeals Court affirmed petitioner's conviction, and his application for review before the Supreme Judicial Court was denied. *Commonwealth v. Tracy,* 27 Mass.App.Ct. 455, 539 N.E.2d 1043 (1989), *review denied sub nom., Commonwealth v. Magee,* 405 Mass. 1203, 542 N.E.2d 602 (1989). Petitioner then sought a writ of habeas corpus from the United States District Court for the District of Massachusetts. The petition was denied and this appeal ensued.

## II.

### *DISCUSSION*

 Federal habeas review is generally precluded when a state court reaches its decision on the basis of an adequate and independent state ground. *Coleman v. Thompson,* — U.S. —, — – —, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1991); *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Wain-wright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977). Where a state court decision rests on a petitioner's failure to comply with a contemporaneous objection rule at the time of trial, this constitutes an adequate and independent ground. *Wainwright,* 433 U.S. at 87, 97 S.Ct. at 2506.

 Under prevailing habeas corpus jurisprudence, a defendant's failure to comply with a state's contemporaneous objection rule at trial forecloses judicial scrutiny on collateral review if "1) the state in fact has a 'contemporaneous objection' rule; 2) the state enforces and does not waive the rule; and 3) the defendant fails to show both 'cause' for and 'prejudice' from, not having complied with the rule." *McCown v. Callahan,* 726 F.2d 1, 3 (1st Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 78 (1984); *see also Puleio v. Vose,* 830 F.2d 1197, 1199 (1st Cir.1987), *cert. denied,* 485 U.S. 990, 108 S.Ct. 1297, 99 L.Ed.2d 506 (1988); *Allen v. Commonwealth of Massachusetts,* 926 F.2d 74, 78 (1st Cir.1991).[3]

 On appeal, petitioner does not dispute that Massachusetts has such a contemporaneous objection rule, that it enforces its rule, and does not waive the rule. Accordingly, our inquiry focuses on whether petitioner can show cause for his procedural default as well as prejudice from the alleged violation. Petitioner maintains that "the factual basis for the claim [that the booking slip should have been excluded because it contained a prejudicial notation] was not reasonably available to [his] counsel, because official misconduct (the prosecutor's introduction of an irrelevant document as an exhibit) made it likely that he would not notice the prejudicial notation in the document at the time it was offered." Brief for Petitioner at 26.

 In order to establish cause for the default, petitioner must demonstrate "that some objective factor external to the defense impeded [defense] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639,

---

**3.** Although an exception to the cause plus prejudice requirement exists where failure to consider the claim on the merits would result in a fundamental miscarriage of justice, *Coleman v. Thompson,* — U.S. at —, 111 S.Ct. at 2564, petitioner does not contend that this exception applies. In any event, the record does not support such a claim.

2645, 91 L.Ed.2d 397 (1986). Two objective impediments identified by the Court as sufficient to constitute cause under this standard are (1) that the factual or legal basis for a claim was not reasonably available to defense counsel, or (2) that interference by officials made compliance impracticable. *Id.*

As a preliminary matter, the Commonwealth argues, and our review of the record reveals, that petitioner's "cause" argument has undergone some alterations since the district court denied his petition. Below, petitioner argued that "cause" for his procedural default existed because defense counsel did not have sufficient time to examine the booking slip. Petitioner also argued that his attorney could not have been expected to examine the booking slip prior to trial since the document was irrelevant. There is no indication in the record, however, that petitioner ever presented the district court with its present contention, *i.e.*, that the prosecutor knowingly proffered an irrelevant document in order to introduce prejudicial information into evidence. It is a settled rule in this circuit that "theories not raised squarely in the district court cannot be surfaced for the first time on appeal." *McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13, 22 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1939, 118 L.Ed.2d 545 (1992).

Nonetheless, assuming *arguendo* that petitioner's current "cause" theory is properly before us, we are unable to find any "external impediments" to trial counsel's failure to timely notice the allegedly prejudicial entry on the booking slip. The government's introduction into evidence of an irrelevant document containing allegedly prejudicial information did not obviate defense counsel's responsibility nor in any way impair his ability to carefully examine the entire booking slip.[4] This is particularly true in the instant case, where defense counsel extensively cross-examined the officer who completed the booking slip about other information contained on the slip. Defense counsel even moved for a mistrial on the basis of that information.

Moreover, the factual basis for the claim was more than reasonably available to defense counsel prior to the admission of the booking slip into evidence. The allegedly prejudicial notation was on the face of the slip which was given to defense counsel for examination prior to admission into evidence. As the Appeals Court noted, "counsel may not have had much time to look at the booking slip prior to its introduction," but he "had ample time to examine the slip" after it was offered. *Tracy,* 539 N.E.2d at 1047.

As for petitioner's implicit charge of prosecutorial misconduct, the Appeals Court ruled that the prosecution did not violate any discovery agreement by not producing the booking slip prior to trial, *id.* at 1046, and that court assumed that the prosecution did not deliberately conceal knowledge of the booking slip or its contents at any time. *Id.* at 1047 n. 7. Petitioner has not presented any evidence of misconduct, but merely alleges that, by introducing an irrelevant document into evidence, the government was necessarily motivated by an illicit purpose. We do not find this reasoning persuasive.

We can perceive no external impediments to petitioner's compliance with the Commonwealth's contemporaneous objection rule. Petitioner has tried to overcome his attorney's oversight by putting the blame on the prosecutor. This facade cannot cure petitioner's failure to demonstrate cause for his procedural default.[5] Because the cause and prejudice requirement is conjunctive, we need not consider the latter element where the former has not been satisfied. *Puleio v. Vose,* 830 F.2d at 1202.

---

4. Petitioner's focus on the booking slip's lack of relevance is long past due. Although the Appeals Court did note that the booking slip was not relevant to any issue at trial, *Tracy,* 539 N.E.2d at 1046, defense counsel did *not* object at trial to the slip's admission on this ground.

5. It is well settled that "[a]ttorney error short of ineffective assistance of counsel ... does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). As the district court noted, petitioner has not alleged that his representation at trial was constitutionally deficient. *Magee v. Harshbarger,* No. 92–13090–WD, slip op. at 8 (D.Mass. July 7, 1993). Moreover, at oral argument, petitioner's counsel specifically disclaimed any argument along these lines.

The judgment of the district court is *Affirmed.*