**Gregory C. SZCZUKA, Petitioner,**

v.

**John D. TUCKER, Respondent.**

No. Civ. A. 96–11884–PBS.

United States District Court,
D. Massachusetts.

Nov. 17, 1997.

## MEMORANDUM AND ORDER

SARIS, District Judge.

### INTRODUCTION

Pro se Petitioner Gregory Szczuka, convicted of second-degree murder in 1979, makes an application to this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He advances six claims on behalf of his petition, which comes after Massachusetts state courts upheld his conviction on direct appeal in 1984 and denied four motions for a new trial between 1984 and 1995.

Because four of his claims are not collaterally reviewable and the other two do not refer to state court decisions that were "contrary to ... clearly established Federal law," 28 U.S.C. § 2254(d)(1) (1996), Szczuka's petition is **DENIED.**

### BACKGROUND

#### A. Factual Background

The Court reviews the relevant facts in the light most favorable to the verdict. *Stewart v. Coalter*, 48 F.3d 610, 611 (1st Cir.), *cert. denied*, 516 U.S. 853, 116 S.Ct. 153, 133 L.Ed.2d 97 (1995).

At about 1 A.M. on November 8, 1973, after several hours of drinking, Kevin Robinson and Kenneth Wescott left a lounge on Route 1 in Rowley, Massachusetts with three other men and one woman. The group proceeded south on Route 1 in Robinson's automobile. At approximately the same time, Szczuka and his cousin, Kenneth Carpenter, coincidentally left another bar in Rowley after a similar evening of drinking. Szczuka, with his cousin in the passenger seat, also drove his car south on Route 1.

The cars encountered one another shortly thereafter along Route 1 and, following some "senseless antics," both drivers stopped their cars on the side of the highway. Szczuka's vehicle was some distance in front of Robinson's. All of the males in both cars stepped out onto the roadside. As Szczuka left his vehicle, he reached under the seat and took out a .357 magnum revolver. He then walked toward the center of the road. As the group from the other automobile approached him, Szczuka shot Robinson in the abdomen and then Wescott in the chest.

Though Szczuka testified at trial that he was afraid for his life due to the approach of the others and their wielding of a knife, no knife was ever found. Szczuka and Carpenter got back in Szczuka's automobile and drove quickly away. Wescott died the following evening, and Robinson died nearly five months later on April 5, 1974. Szczuka was not identified as the assailant until December 1978, when his wife gave the police information about the shootings.

#### B. Procedural Background

A jury convicted Szczuka of two counts of second-degree murder, and the trial judge sentenced him to two concurrent life sentences on May 24, 1979. Szczuka was represented by Alan Caplan, Esq., at trial. The trial judge denied Szczuka's first motion for a new trial in 1982, and that denial was consolidated with the direct appeal of the conviction. Appellate counsel was James B. Krasnoo, Esq. On April 17, 1984, the Massachusetts Supreme Judicial Court (the "SJC") affirmed Szczuka's conviction and the trial judge's denial of his first motion for a new trial. *Commonwealth v. Szczuka*, 391 Mass. 666, 464 N.E.2d 38 (1984) ("*Szczuka I*").

Szczuka, who is serving his sentence at the Pondsville Correctional Center in Norfolk, Massachusetts, has since filed three more motions for a new trial, all of which have been denied by the same judge who presided at trial. He denied Szczuka's second pro se motion on April 1, 1991, and the SJC affirmed the judge's decision the following year. *Commonwealth v. Szczuka*, 413 Mass.

1004, 600 N.E.2d 575 (1992) ("*Szczuka II* "). On appeal of the second motion, he was represented by Bruce R. Taub, Esq. Szczuka's third motion for a new trial was denied in 1993, and he did not appeal the denial. However, he filed a fourth motion for a new trial, styled as an "amendment" to the third motion, in 1994. He was represented by a fourth attorney, Richard Abbott, Esq. The trial judge denied this motion as well, and the Massachusetts Appeals Court summarily affirmed the denial. *Commonwealth v. Szczuka*, 39 Mass.App.Ct. 1111, 656 N.E.2d 589 (1995) (table). Szczuka applied for further appellate review of the decision; that request was denied by the SJC. *Commonwealth v. Szczuka*, 421 Mass. 1106, 657 N.E.2d 1272 (1995) (table).

Szczuka sought habeas corpus relief from this Court on September 18, 1996. The Court allowed the respondent's motion to dismiss on March 11, 1997 due to the inclusion in the petition of two claims that had not been exhausted in state court. It permitted Szczuka to refile the petition without the unexhausted grounds, and the Court's ruling today is based on that amended application.

## DISCUSSION

Szczuka raises six numbered claims in his petition to this Court for a writ of habeas corpus: (1) that the trial judge improperly allowed a peremptory challenge of a woman based on stereotype by the prosecutor; (2) that the trial judge improperly instructed the jury that use of a deadly weapon was proof of malice; (3) that the trial judge erroneously instructed the jury that intoxication cannot mitigate murder to manslaughter; (4) that the trial judge improperly refused to give a "sudden combat" instruction to the jury; (5) that the trial judge shifted the burden of proof to the defendant on the issue of malice; and (6) that the defendant received ineffective assistance of counsel at the trial and direct appellate stages of the state proceedings. Because Szczuka's petition for habeas corpus was filed after April 24, 1996, the 1996 version of 28 U.S.C. § 2254 applies to this

case. *Lindh v. Murphy*, 521 U.S. 320, ——, 117 S.Ct. 2059, 2061, 138 L.Ed.2d 481 (1997).

### A. Procedural Default (Claims 2, 4, 5 and 6)

 The Court rejects Claims Two, Four, Five and Six of Szczuka's petition because they have been procedurally defaulted and thus are not amenable to federal habeas corpus review. "[F]ederal courts sitting to hear habeas petitions from state prisoners are barred from reviewing federal questions which the state court declined to hear because the prisoner failed to meet a state procedural requirement." *Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir.1997) (citing *Lambrix v. Singletary*, 520 U.S. 518, —— – ——, 117 S.Ct. 1517, 1522–23, 137 L.Ed.2d 771 (1997)). Enforcement of the state procedural rule is valid so long as the rule is "consistently applied" and the state court did not waive the rule by "resting its decision on some other ground." *Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir.1995). A valid invocation of such a rule "forecloses federal habeas review unless the petitioner can demonstrate cause for the default and prejudice stemming therefrom, or, alternatively, unless the petitioner can show that a refusal to consider the merits of the constitutional claim will work a miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) and *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

### 1. Application of the State Rule

 The state courts explicitly rejected these four claims by applying a state rule of procedure. The trial judge refused to consider versions of Claims Two, Four and Five in Szczuka's second motion for a new trial because they were new claims. The SJC affirmed the decision under Rule 30(c)(2) of the Massachusetts Rules of Criminal Procedure because all three claims "could have been raised in the defendant's first motion for a new trial," and it deemed them "waived." [1] *Szczuka II*, 413 Mass. at 1005,

---

1. Rule 30 of the Massachusetts Rules of Criminal Procedure provides the bases for post conviction relief in state court. Rule 30(c)(2) reads as fol-

lows: "Waiver. All grounds for relief claimed by a defendant under subdivisions (a) [unlawful restraint] and (b) [new trial] of this rule shall be

600 N.E.2d 575. At the same time, the SJC refused to hear the merits of what is now Claim Six, ineffective assistance of counsel at trial for failure to object to jury instructions and ineffective assistance on the consolidated appeal of the trial and of the first motion for a new trial, because it was raised for the first time on the *appeal* of the second motion for a new trial. The SJC's review is limited to grounds raised before the trial court. *Id.* (citing *Commonwealth v. McLaughlin*, 364 Mass. 211, 235, 303 N.E.2d 338 (1973)). When Szczuka reasserted the ineffective assistance of counsel claim (and other claims) in his third motion for a new trial, the trial judge explicitly rejected it because the motion raised "no question which could not have been raised in former appeal and motions for [a new trial]." *Commonwealth v. Szczuka*, Nos. 99213, 99214 (Mass.Super.Ct. Jan. 21, 1993) (order denying motion for new trial).[2]

█ Each of the four claims was denied solely on the procedural grounds of Rule 30(c)(2) without reference to any substantive grounds. Therefore, since the state court did not waive the procedural bar, the claims are in default because Rule 30 is consistently enforced by the Massachusetts courts. *See Commonwealth v. Watson*, 409 Mass. 110, 112, 565 N.E.2d 408 (1991) ("A motion for a new trial may not be used as a vehicle to compel review and consideration of questions of law, on which a defendant has had his day in an appellate court, or on which he has foregone that opportunity.") (internal quotations and alterations omitted); *Fogarty v. Commonwealth*, 406 Mass. 103, 107, 546

N.E.2d 354 (1989). Exceptions to the rule are made only in "extraordinary" cases, and the refusals by the trial and appellate courts to exercise their discretion to review the merits of Szczuka's defaulted claims were consistent with Massachusetts jurisprudence. *See id.* at 108, 546 N.E.2d 354. The First Circuit has referred to the exercise of Rule 30 as a valid procedural bar to federal habeas review. *Hall v. DiPaolo*, 986 F.2d 7, 11 (1st Cir.1993).[3]

#### 2. Cause and Prejudice

█ In order for this Court to hear the merits of these four claims in spite of the application of the state rule, Szczuka must show both cause for and prejudice from his procedural default. *Burks*, 55 F.3d at 716 (citing *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546). "To excuse a procedural default, a petitioner's cause must relate to an objective factor, external to the defense, that thwarted (or at least substantially obstructed) the efforts of the defendant or his counsel to obey the state's procedural rule." *Burks*, 55 F.3d at 716–17 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Szczuka has failed to show cause for any of the four claims and therefore cannot ask the court to forgive his neglect to follow the established state rule.

█ Claim Six, the claim of ineffective assistance of counsel at the trial and appellate level, is the best place to begin the analysis of cause because it disposes of the rest. Szczuka offers no explanation for his

---

raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion."

**2.** The SJC addressed the issue of ineffective assistance of counsel at trial in an extremely limited context in *Szczuka I*. Szczuka, in his direct appellate brief, maintained that his trial counsel had certain alleged conflicts of interest and was ineffective because he had not called a witness who would have testified to the victims' being drunk on the night of the shootings. (Szczuka's Br. to SJC on direct appeal and appeal of First Mot. for a New Trial at 48–50.) The SJC rejected these claims, *Szczuka I*, 391 Mass. at 676, 464 N.E.2d 38. Szczuka has never mentioned this

conflict of interest argument again. The claim of ineffective assistance of counsel (both at trial and on appeal) has been raised in quite different contexts ever since, primarily to justify failures to preserve other grounds, and Szczuka has never asserted the failure to call the witness again. Therefore, the Court does not treat the claim as exhausted and instead agrees with the Massachusetts courts that the incarnation of the ineffective assistance claim that began with the appeal of the second motion for a new trial was a new objection that was defaulted under Rule 30.

**3.** The First Circuit has more explicitly endorsed Rule 30 as a consistently applied Massachusetts procedural rule that bars federal habeas corpus review in three unpublished (and hence uncitable) dispositions.

procedural default on the claim. (Pet'r Br. at 43–46.) His opportunity to raise the claim was in his second motion for a new trial before the trial judge, in front of whom Szczuka appeared pro se. *See generally Murray v. Giarratano,* 492 U.S. 1, 10, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (holding no constitutional right to an attorney in state post-conviction proceedings). It is impossible even to give Szczuka the benefit of the doubt here and imagine an "external" cause for default, because the failure to raise the now-defaulted claim can only "fairly be attributed to him." *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546. Szczuka absolutely fails the "cause" requirement as to his assertion of ineffective assistance of counsel. "Because the cause and prejudice requirement is conjunctive," the Court does not need to consider the element of actual prejudice since there was no cause for Szczuka's procedural default. *Magee v. Harshbarger,* 16 F.3d 469, 472 (1st Cir.1994).

The only other way that Szczuka's procedural default on the ineffective assistance of counsel claim may be excused, because of his failure to show both cause and prejudice, is "where failure to hear the claim would result in a 'fundamental miscarriage of justice,' " in other words, that he is "actually innocent." *Ortiz v. Dubois,* 19 F.3d 708, 714 (1st Cir. 1994) (quoting *Murray v. Carrier,* 477 U.S. at 495–96, 106 S.Ct. 2639), *cert. denied,* 513 U.S. 1085, 115 S.Ct. 739, 130 L.Ed.2d 641 (1995). Such is not the case here, since Szczuka has not maintained, and could not maintain, "by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Ortiz,* 19 F.3d at 714 (quoting *Sawyer v. Whitley,* 505 U.S. 333, 336, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)) (alteration in original).

 The conclusion that the procedural default of Claim Six may not be excused is important because Szczuka refers to ineffective assistance of counsel as the cause for his procedural default in both Claims Two and Four. (Pet'r Br. at 25, 39.) Though ineffective assistance may be a cause for procedural default in a habeas corpus proceeding, the ineffective assistance of counsel claim itself must first be presented to a state court as an independent claim. *Murray v. Carrier,* 477 U.S. at 488–89, 106 S.Ct. 2639. Therefore, the procedurally defaulted ineffective assistance of counsel claim cannot constitute cause for the other procedurally defaulted claims because the state court never treated the ineffective assistance claim on the merits. *Reyes v. Keane,* 118 F.3d 136, 139–40 (2d Cir.1997) (citing *Coleman,* 501 U.S. at 735, 111 S.Ct. 2546); *Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir.1995) ("Because [petitioner] did not give the [state] courts an opportunity to consider whether his lawyers were incompetent for failing to bring the federal juror misconduct claim, that assertion is now barred. Therefore, he cannot establish cause sufficient to overcome the procedural default of the misconduct issue."), *cert. denied,* 517 U.S. 1172, 116 S.Ct. 1578, 134 L.Ed.2d 676 (1996). The First Circuit has rejected such "an end run around *Coleman.*" *See Levasseur v. Pepe,* 70 F.3d 187, 192 (1st Cir.1995) (determining that procedurally defaulted claims that were a "part" of a claim of ineffective assistance of counsel were not preserved separately).

As a result, Szczuka has not shown cause for default of Claims Two and Four. Szczuka simply does not assert cause for his default on Claim Five. (Pet'r Br. at 40–42.). Taking Claims Two, Four and Five together, the "prejudice" prong need not be considered because of the absence of cause, as was the case with Claim Six. Also as with Claim Six, there is no showing of a fundamental miscarriage of justice that would serve to excuse the defaults on these other claims.

Claims Two, Four, Five and Six are *DE-NIED.*

B. *Gender–Based Peremptory Claim (Claim 1)*

Szczuka additionally maintains, in Claim One of his petition, that the Equal Protection Clause and his Sixth Amendment right to a fair trial were violated when the prosecutor in his 1979 trial allegedly peremptorily struck a woman from the jury on the basis of stereotype. The Commonwealth urges the Court to reject this claim on two grounds. First, it too is procedurally barred because it

was raised for the first time in the fourth motion for a new trial, although as a matter of state constitutional law at the time of trial gender-based peremptory challenges were impermissible. Second, it is based on a non-retroactive "new rule" of federal constitutional law announced after Szczuka's conviction became final. The Court declines to decide whether the peremptory claim is in procedural default, and it instead disposes of the claim because it is based on a federal constitutional ruling that does not apply to Szczuka's case because of nonretroactivity.[4] *Lambrix,* 520 U.S. at ——, 117 S.Ct. at 1523 (declining to address the issue of procedural default where issue of nonretroactivity is dispositive).

The federal basis [5] for Szczuka's claim necessarily relies on the Supreme Court's decision in *J.E.B. v. Alabama ex rel T.B.,* 511 U.S. 127, 130–31, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). In *J.E.B.,* the Supreme Court examined its holding in *Batson v. Kentucky,* 476 U.S. 79, 97–98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that race-based peremptory challenges violated the Fourteenth Amendment. The *J.E.B.* Court expressly expanded the scope of *Batson* by quoting its holding and literally substituting the word "gender" for "race" in the Court's conclusion that peremptory challenges based on gender-based stereotypes were unlawful. *J.E.B.,* 511 U.S. at 146, 114 S.Ct. 1419 (quoting *Batson,* 476 U.S. at 97–98, 106 S.Ct. 1712). Szczuka argues that at least one female member of the venire was stricken due to the prosecutor's doubts that she "would be able to handle the volume of evidence in this particular case." (Pet'r Br. at 10.)

▮▮▮ Although Szczuka's objection might be colorable had his trial been held

after 1994, here he must overcome the hurdle that, "in general, 'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.' " *Lambrix,* 520 U.S. at ——, 117 S.Ct. at 1524 (quoting *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). The Court must engage in a three-step inquiry to decide whether a rule is retroactive to an older case:

> First, it determines the date upon which the defendant's conviction became final.... Second, it must survey the legal landscape as it then existed ... and determine whether a state court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution.... Finally, if the court determines that the habeas petitioner seeks the benefit of the new rule, the court must consider whether the relief sought falls within one of the two narrow exceptions to nonretroactivity.

*Lambrix,* 520 U.S. at ———–——, 117 S.Ct. at 1524–25 (internal quotations, citations and alterations omitted).

▮▮▮ The SJC affirmed Szczuka's conviction on April 17, 1984. *Szczuka I,* 391 Mass. at 666, 464 N.E.2d 38. Since Szczuka did not file a petition for a writ of certiorari, his conviction became final on July 16, 1984. Supreme Court Rule 13.1. Therefore, the Court must "survey the legal landscape as of that date to determine whether the rule later announced ... was dictated by then-existing precedent." *Lambrix,* 520 U.S. at ——, 117 S.Ct. at 1525. Szczuka's claim fails on this point. The Supreme Court has definitively pronounced that *Batson,* handed down two

---

**4.** The Commonwealth's argument that Claim One, like the four others, is procedurally barred is quite strong, since the only peremptory claim raised in Szczuka's first appeal related to the systematic underrepresentation of the young. However, because gender-based objections were raised at trial and the SJC did sweep broadly in its finding "that the defendant failed to establish either a substantial underrepresentation or systematic or intentional exclusion of an identifiable group," *Szczuka I,* 391 Mass. at 671, 464 N.E.2d 38, the Court disposes of Claim One on the firmer ground of nonretroactivity.

**5.** Szczuka also relies heavily on state grounds for his assertion that gender-based peremptories are illegal. *See* Pet'r Br. at 13, 16; *Commonwealth v. Hutchinson,* 395 Mass. 568, 571, 481 N.E.2d 188 (1985); *Commonwealth v. Soares,* 377 Mass. 461, 486–88, 387 N.E.2d 499 (1979). Of course, this Court's consideration of Szczuka's federal habeas corpus petition is based only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a) (1996); *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

years after Szczuka's conviction became final, was "an explicit and substantial break with prior precedent" that would not be applicable retroactively on collateral review. *Allen v. Hardy*, 478 U.S. 255, 258, 260–61, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (per curiam). Since *J.E.B.* is nothing more than an expansion of the "new rule" of *Batson*, it follows that *J.E.B.* cannot be applied to Szczuka's case. *See also Turner v. Marshall*, 63 F.3d 807, 812 (9th Cir.1995) (labelling *J.E.B.* itself a new rule).

▇▇▇ Neither of the two narrow exceptions to nonretroactivity apply to this case. The first exception refers only to a new rule that decriminalizes certain substantive conduct and is clearly inapplicable. *Lambrix*, 520 U.S. at —— – ——, 117 S.Ct. at 1530–31. The second exception is "for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* 117 S.Ct. at 1531 (quoting *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)) (internal quotations omitted). The new rule regarding intentional discrimination in peremptory challenges does not have "such a fundamental impact on the integrity of factfinding as to compel retroactive application." *Allen*, 478 U.S. at 259, 106 S.Ct. 2878.

Claim One is *DENIED* because the state court's decision in 1979 was not "contrary to ... clearly established Federal law." 28 U.S.C. § 2254(d)(1) (1996).

## C. *Intoxication Instruction Claim (Claim 3)*

▇▇▇ The final argument for the Court to consider is Szczuka's Claim Three, in which he maintains that the trial court erred by not giving a jury instruction that intoxication could serve to mitigate murder to manslaughter. He relies on a triumvirate of Massachusetts cases that, together, announced the new rule that a defendant's intoxication, as a form of "mental impairment," is relevant to the question of malice in a murder case. *Szczuka II*, 413 Mass. at 1006, 600 N.E.2d 575 (citing *Commonwealth v. Henson*, 394 Mass. 584, 592–94, 476 N.E.2d 947 (1985), *Commonwealth v. Grey*, 399 Mass. 469, 470–71, 505 N.E.2d 171 (1987),

and *Commonwealth v. Glass*, 401 Mass. 799, 809–10, 519 N.E.2d 1311 (1988)). Szczuka contends that he was deprived of the use of a valid defense of intoxication, which may have reduced his conviction from second-degree murder to manslaughter.

Like the four procedurally defaulted claims, Szczuka did not raise this claim until his second motion for a new trial in 1991. Unlike those claims, however, the SJC considered the substance of this so-called *Henson* retroactivity claim because it was based on a new rule of law and, therefore, Szczuka "could not reasonably have raised a question of his entitlement to a jury instruction relative to intoxication and its possible bearing on malice." *Szczuka II*, 413 Mass. at 1006, 600 N.E.2d 575 (citing Rule 30(c)). Nevertheless, the SJC rejected Szczuka's argument because the rules announced in the three cases on which he relied were "not retroactive to the trial of a case, such as this one, on collateral review." *Id.* In doing so, the Court reasoned that the rule regarding an intoxication instruction was not retroactive because it was "not central to an accurate determination of innocence or guilt in the basic due process sense." *Id.*

Undeterred, Szczuka raises the exact same claim in his federal habeas corpus application, in which he vaguely asserts a federal ground for relief based on the due process clause of the Fourteenth Amendment and the Sixth Amendment. His claim fares no better here, because the First Circuit has held that a *Henson* claim is not cognizable in an application for a federal habeas corpus writ. *Robinson v. Ponte*, 933 F.2d 101, 104 (1st Cir. 1991), *cert. denied*, 503 U.S. 922, 112 S.Ct. 1301, 117 L.Ed.2d 522 (1992); *see also Gilday v. Callahan*, 59 F.3d 257, 273 (1st Cir. 1995), *cert. denied*, 516 U.S. 1175, 116 S.Ct. 1269, 134 L.Ed.2d 216 (1996). The Court of Appeals, refusing to invoke federal grounds to disturb the SJC's decision not to make retroactive the requirement of a mental impairment instruction, noted that the fact "that federal constitutional principles underlay the new rule of state law announced in *Henson* does not convert the SJC's decision not to apply that rule retroactively on collateral review into a matter of federal due

process concern." *Robinson,* 933 F.2d at 104.

Because the state's decision not to make *Henson* retroactive also was not "contrary to ... clearly established Federal law," 28 U.S.C. § 2254(d)(1) (1996), and in fact was consistent with it, Claim Three is ***DENIED.***

### *ORDER*

Petitioner's application for a writ of habeas corpus is ***DENIED.***